UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Berkshire Hathaway Homestate Insurance Company and Redwood Fire and Casualty Insurance Company,**<br><br>*Plaintiffs,*<br><br>-v.-<br><br>**Corbel Communications Industries LLC, Corbel Communications Industries of California Inc., Citi Connect Industries LLC, Angelo Pino, Jr., Michael R. Pino, Angelo John Pino,**<br><br>*Defendants.* | 26-cv-____<br><br>**Complaint** |

Plaintiffs, Berkshire Hathaway Homestate Insurance Company, ("BHHIC") and Redwood Fire and Casualty Insurance Company ("Redwood") (together, the "Insurers"), allege as follows:

### Nature of the Action

1. The Insurers seek $1,180,921.95 owed under workers' compensation policies they issued to Defendants Corbel Communications Industries LLC ("Corbel"), Corbel Communications Industries of California Inc. ("Corbel of California"), and Citi Connect Industries LLC ("Citi").

### Parties

2. Plaintiff BHHIC is an insurance company organized and existing under the laws of Nebraska with its principal place of business in Nebraska.

3. Plaintiff Redwood is an insurance company organized and existing under the laws of Nebraska with its principal place of business in Nebraska.

4. Defendant Corbel is, upon information and belief, a New York LLC with its principal place of business at 875 E. 145th St., Bronx, New York, 10455.

5. Defendant Corbel of California is a California corporation with its principal place of business at 875 E. 145th St., Bronx, New York, 10455.

6. Defendant Citi is a New York LLC with its principal place of business at 450 Southern Blvd, Bronx, New York, 10455.

7. Defendant Angelo Pino, Jr. is, upon information and belief, a citizen of New York, a member of Corbel, and the sole officer and director of Corbel of California.

8. Defendant Michael R. Pino is, upon information and belief, a citizen of New York and a member of Corbel.

9. Defendant Angelo John Pino is, upon information and belief, a citizen of New York and a member of Corbel.

10. Corbel, Corbel of California, and Citi are referred to collectively as the Entity Defendants. Angelo Pino, Jr., Michael R. Pino, and Angelo John Pino are referred to collectively as the Individual Defendants.

## Jurisdiction and Venue

11. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1). The amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship. The Insurers are citizens of Nebraska. Corbel of California is a citizen of California and New York. The citizenship of a limited liability company—here, Corbel and Citi—is determined by the citizenship of its members. Upon information and belief, the members of Corbel and Citi are citizens of New York. The Individual Defendants are, upon information and belief, citizens of New York. No Defendant is a citizen of Nebraska.

12. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. The Entity Defendants maintain their headquarters and operational base in Bronx

2

County, the Insurers issued the Policies to cover risks located principally within this district, and the payroll and audit records at issue were maintained in this district.

13.     This Court has personal jurisdiction over each Defendant. Corbel and Citi are New York LLCs with principal places of business in New York. Corbel of California maintains its principal address in this district and transacted business within New York in connection with the Policies. The Individual Defendants are, upon information and belief, domiciled in New York and transacted business within the State of New York giving rise to the claims asserted herein. Jurisdiction is proper under C.P.L.R. §§ 301 and 302.

## Background

14.     The Insurers issued the following Workers' Compensation and Employer's Liability policies to Corbel (the "Policies"):

| Policy No. | Insurer | Named Insured Defendants | Policy Period |
|---|---|---|---|
| COWC035732 | BHHIC | Corbel, Citi | 6/25/19-20 |
| COWC143915 | BHHIC | Corbel, Corbel of California | 6/25/20-21 |
| COWC247974 | Redwood | Corbel, Corbel of California, Citi | 6/25/21-22 (cancelled eff. 2/4/22) |

15.     The Policies were duly executed and delivered to Corbel on behalf of all named insureds and, and in consideration for the issuance of the Policies, the Entity Defendants agreed to timely pay all premiums due under the Policies' terms.

16.     The Policies have auditable premiums. That is, per the Policies' terms, at inception, the policyholder must pay an estimated premium based on the policyholder's own representations concerning payroll and employee job duties. After the policy year ends, the insurer conducts an audit of the policyholder's actual payroll and job duties to determine the final premium—reconciling the estimate to the actual risk that was insured.

17.     Under the Policies, Corbel, as the first named insured, acts on behalf of all named insureds for all policy administration purposes. Thus, the Insurers addressed all

3

premium bills and audit communications to Corbel, and those bills and communications are binding on all Entity Defendants.

18.   Here, after the Policies ended, the Insurers conducted final policy audits and determined that the Entity Defendants owed additional premium on each of the Policies and sent Corbel final audit summaries and premium bills:

| Policy No. | Insurer | Insureds | Bill Date | Balance Due |
|---|---|---|---|---|
| COWC035732 | BHHC | Corbel, Citi | 5/16/24 | $374,684 |
| COWC143915 | BHHC | Corbel, Corbel of California | 4/20/24 | $598,959 |
| COWC247974 | Redwood | Corbel, Corbel of California, Citi | 5/15/24 | $207,278.95 |
| **Total** | | | | **$1,180,921.95** |

19.   Entity Defendants failed to timely challenge the additional premium owed, and these bills remain unpaid.

## Causes of Action

## 1.   Breach of Contract (Against the Entity Defendants)

20.   Insurers repeat the allegations above.

21.   Insurers and Entity Defendants entered into valid and binding written contracts of insurance, under which Insurers agreed to provide insurance coverage to Entity Defendants, and Entity Defendants agreed to pay all premiums due under the Policies, including any additional premium determined to be owed following final premium audits.

22.   Insurers performed all their obligations under the Policies, including issuing coverage and conducting final premium audits in accordance with the Policies.

23.   After completing the final premium audits, Insurers determined that the Entity Defendants owed $1,180,921.95 in additional premium for the Policies.

24.   Insurers sent Corbel bills for the final premiums, which, under the Policies, are binding on all Entity Defendants.

25.     Entity Defendants failed and refused to pay the additional premiums, despite due demand.

26.     Entity Defendants' failure to pay the additional premiums constitutes a material breach of the Policies.

27.     Because of Entity Defendants' breach, Insurers have been damaged in an amount no less than $1,180,921.95, plus pre- and post-judgment interest, costs, and such other relief as the Court deems just and proper.

## 2.     Account Stated (Against the Entity Defendants)

28.     Insurers repeat the allegations above.

29.     Insurers rendered to Corbel final statements of account and/or invoices reflecting a sum certain due and owing to Insurers, namely the additional premium in the amounts of $374,684, $598,959, and $207,278.95—totaling $1,180,921.95.

30.     Insurers sent Corbel final statements of account/invoices, which, under the Policies, are binding on all Entity Defendants.

31.     The final statements of account and/or invoices were transmitted to Corbel and received by Corbel.

32.     Corbel retained the statements of account and/or invoices without timely objection as to the correctness of the stated amounts, and thereby assented to the balances due.

33.     An account stated was thereby formed between Insurers and Corbel in the amount of $1,180,921.95.

34.     Corbel has not paid the balances due on the accounts stated.

35.     Insurers have been damaged in an amount no less than $1,180,921.95.

## 3.     Unjust Enrichment (Against the Entity Defendants)

36.     Insurers repeat the allegations above.

37.    Insurers conferred a benefit upon Entity Defendants by providing insurance coverage and related services, including the underwriting and administration of the Policies and the completion of the final premium audits used to determine the additional premiums owed.

38.    Entity Defendants accepted and retained the benefits conferred by Insurers.

39.    Entity Defendants have not paid for the value of the benefits conferred by Insurers, including the additional premiums determined to be owed in the amount of $1,180,921.95.

40.    Under principles of equity and good conscience, Entity Defendants should not be permitted to retain the benefits conferred by Insurers without paying Insurers the reasonable value thereof.

41.    Insurers are entitled to recover from Entity Defendants the reasonable value of the benefits provided, in an amount no less than $1,180,921.95 plus pre- and post-judgment interest, costs, and such other relief as the Court deems just and proper.

## 4.    Money Had and Received (Against the Entity Defendants)

42.    Insurers repeat the allegations above.

43.    Entity Defendants is in possession of money and/or its equivalent that, in equity and good conscience, belongs to Insurers, including the amount corresponding to the additional premiums in the sum of $1,180,921.95.

44.    Entity Defendants have been unjustly enriched by retaining such money and/or value without paying Insurers.

45.    Insurers demanded payment from Entity Defendants, and Entity Defendants have failed and refused to remit the amounts due.

46.    By reason of the foregoing, Insurers are entitled to recover from Entity Defendants the sum of $1,180,921.95 plus pre- and post-judgment interest, costs, and such other relief as the Court deems just and proper.

## 5.    Alter Ego/Piercing the Corporate Veil (Against All Defendants)

47.    Insurers repeat the allegations above.

48.    The Individual Defendants exercised complete dominion and control over the Entity Defendants with respect to the transactions at issue.

49.    The Entity Defendants operated as a single enterprise, sharing the same address, officers, and workforce, and failing to observe the formalities of separate corporate existence.

50.    The Individual Defendants used their control and the fiction of separate corporate identities to avoid the Entity Defendants' premium obligations under the Policies, including by operating an intermingled workforce across multiple entities while failing to report payroll and produce records required for the Insurers' audits. Adherence to the fiction of separate entity status would work an injustice upon the Insurers.

51.    The Insurers are entitled to hold all Defendants jointly and severally liable for the debts and obligations of the Entity Defendants, including the unpaid premiums, damages, and other relief sought herein.

## 6.    Declaratory Judgment (Against All Defendants)

52.    Insurers repeat the allegations above.

53.    An actual controversy exists between the parties concerning the amounts owed under the Policies, the propriety of the classification codes applied during the final audits, and the joint and several liability of the Defendants.

54.    The Insurers are entitled to a declaration under 28 U.S.C. § 2201 that all Defendants are jointly and severally liable for the unpaid premiums.

**WHEREFORE**, Plaintiff Insurers respectfully request that the Court enter judgment against Defendants, jointly and severally, as follows:

A. On Counts 1-4, awarding compensatory damages of at least $1,180,921.95 with interest;

7

B.  On Count 6, entering a declaratory judgment that all Defendants are jointly and severally liable for the unpaid premiums;

C.  Awarding Plaintiffs' costs and disbursements in this action; and

D.  Granting such other and further relief as this Court deems just and proper.

KENNEDYS CMK LLP

*/s/ Farrell J. Miller*
Farrell J. Miller
22 Vanderbilt Avenue, 24th Floor
New York, NY 10017
farrell.miller@kennedyslaw.com
*Attorneys for Plaintiffs*

8