UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Berkshire Hathaway Homestate Insurance Company and Redwood Fire and Casualty Insurance Company,**<br>*Plaintiffs,*<br>v.<br>**Corbel Communications Industries LLC, Corbel Communications Industries of California Inc., Citi Connect Industries LLC, Angelo Pino, Jr., Michael R. Pino, and Angelo John Pino,**<br>*Defendants.* | 26-cv-3154 (ER) |

## Stipulated Confidentiality and Qualified [Proposed] Protective Order

The parties, by their undersigned counsel, having conferred and agreed that good cause exists under Federal Rule of Civil Procedure 26(c)(1), IT IS HEREBY STIPULATED AND AGREED, and ORDERED, as follows:

### A. Definitions

1. **"Producing Party"** means any person or entity that produces or discloses material in this action, whether a party or a non-party, including any non-party that produces material in response to a subpoena issued under Federal Rule of Civil Procedure 45, and includes such person's counsel.

2. **"Receiving Party"** means any party that receives material from a Producing Party.

3. **"Confidential Discovery Material"** means any document, testimony, electronically stored information, or other material — and any copy, excerpt, summary, or compilation of it — that a Producing Party designates as "Confidential" in accordance with this Order.

4. **"Protected Health Information"** or **"PHI"** has the meaning given in 45 C.F.R. § 160.103.

5. **"Personally Identifying Information"** or **"PII"** means personal information concerning a natural person in combination with any of the data elements identified in New York General Business Law § 899-aa(1)(b), including a Social Security number; a driver's license or non-driver identification card number; an account, credit card, or debit card number together with any security code, access code, password, or other information

permitting access to a financial account; biometric information; medical information, meaning any information regarding an individual's medical history, mental or physical condition, or medical treatment or diagnosis; health insurance information, meaning a policy or subscriber identification number, any unique identifier used by a health insurer, or any information in an individual's application and claims history; and a username or email address together with a password or security question permitting access to an online account.

## B. Designation of Confidential Material

6. A Producing Party may designate as "Confidential" material that it believes in good faith, and after review by counsel, constitutes or discloses: trade secrets or proprietary commercial information; non-public financial, tax, banking, or accounting records; payroll registers, wage detail, or other employee compensation records; personnel records; PII; PHI; or other non-public information of a personal or competitively sensitive nature the disclosure of which would create a substantial risk of injury that could not be avoided by less restrictive means. Designations shall be made only as to material that genuinely warrants protection, and not for any tactical purpose.

7. Documents shall be designated by affixing the legend "CONFIDENTIAL" to each page so designated, or, for native-format productions, by including that legend in the file name or in a slip sheet or accompanying cover communication identifying the files designated.

8. Deposition testimony may be designated on the record at the deposition, or by written notice served within 30 days after receipt of the transcript. The entire transcript shall be treated as Confidential Discovery Material during that 30-day period.

9. A Producing Party that inadvertently fails to designate material may do so by written notice identifying the material. The Receiving Party shall thereafter treat the material as designated, and shall make reasonable efforts to retrieve any copies distributed before the notice, but shall incur no liability for any disclosure made before receiving the notice.

## C. Non-Parties

10. Any non-party that produces material in this action, including in response to a subpoena, is a Producing Party and may designate material as Confidential on the same terms, and with the same effect, as a party. A non-party may invoke this Order by stamping the designation on the material produced or by written notice to all counsel at or before the time of production. A non-party need not sign this Order, move for relief, or take any other step to obtain its protection.

11. Each non-party Producing Party is an intended beneficiary of this Order and may enforce it directly against any party, and the Court shall retain jurisdiction for that purpose as provided in Paragraph 29.

12. The party issuing a subpoena shall serve a copy of this Order, together with the notice annexed as Exhibit B, on the subpoena recipient with the subpoena.

## D. Use and Disclosure

13. Confidential Discovery Material, and any PHI produced in this action, shall be used solely for the prosecution or defense of this action, and for no other purpose whatsoever, including no business, competitive, personal, or other litigation purpose.

14. Confidential Discovery Material may be disclosed only to:

(a) the parties and their officers, directors, and employees to whom disclosure is reasonably necessary for this action;

(b) counsel of record and their partners, associates, paralegals, and staff;

(c) outside experts and consultants retained for this action, and their staff;

(d) the Court, its personnel, and any court reporter, videographer, or transcription service;

(e) litigation support and electronic discovery vendors, and copying services;

(f) any mediator or settlement officer engaged by the parties;

(g) any deponent or witness, and counsel for that person, during testimony or in preparation for it, where reasonably necessary;

(h) the author, addressee, or a prior recipient of the material, and any person shown on the face of the material to have had access to it; and

(i) any other person by written agreement of the Producing Party or by order of the Court.

15. Before receiving Confidential Discovery Material, each person described in subparagraphs (c), (e), and (g) of Paragraph 14 shall be shown a copy of this Order and shall execute the acknowledgment annexed as Exhibit A. Counsel making the disclosure shall retain the executed acknowledgments.

16. Each Receiving Party shall take reasonable precautions to safeguard Confidential Discovery Material against unauthorized access, including maintaining it in a secure manner. In the event of any disclosure to a person not authorized under Paragraph 14, the

Receiving Party shall promptly notify the Producing Party in writing, identify the person and the material, and make reasonable efforts to retrieve the material and obtain the person's agreement to be bound by this Order.

## E. HIPAA — Qualified Protective Order

17. If material produced in this action constitutes protected health information, this Order is a "qualified protective order" within the meaning of 45 C.F.R. § 164.512(e)(1)(v). As required by that provision, this Order:

    (a) prohibits the parties from using or disclosing protected health information for any purpose other than this litigation (see Paragraph 13); and

    (b) requires the return to the covered entity, or the destruction, of the protected health information, including all copies made, at the end of this litigation (see Paragraph 27).

18. Any covered entity or business associate served with a subpoena, discovery request, or other lawful process in this action may rely on this Order as the satisfactory assurance contemplated by 45 C.F.R. § 164.512(e)(1)(ii) and (iv), and may disclose protected health information in response to that process without separate written authorization from the individual and without notice to the individual under 45 C.F.R. § 164.512(e)(1)(iii).

19. The parties shall request, and any Producing Party shall produce, only the protected health information reasonably necessary for the claims and defenses in this action. Nothing in this Order requires the disclosure of psychotherapy notes as defined in 45 C.F.R. § 164.501, or of any information the disclosure of which is prohibited by a federal statute or regulation that this Order cannot displace, including 42 C.F.R. Part 2.

20. Nothing in this Order limits any Producing Party's obligation to redact information required to be redacted by Federal Rule of Civil Procedure 5.2, or the parties' agreement that Social Security numbers, dates of birth, home addresses, and personal financial account numbers of individuals may be redacted from production.

## F. Privilege — Federal Rule of Evidence 502(d)

21. Pursuant to Federal Rule of Evidence 502(d), the production or disclosure of any material in this action, whether inadvertent or otherwise, does not waive the attorney-client privilege, the work-product protection, or any other applicable privilege or protection, in this action or in any other federal or state proceeding. This Order is entered under Rule 502(d) and its protection is not limited by any party's care or lack of care in reviewing material before production.

22. A Producing Party may demand the return of material produced subject to a claim of privilege or protection by written notice identifying the material and the basis of the claim. Upon receipt, the Receiving Party shall promptly comply with Federal Rule of Civil Procedure 26(b)(5)(B). The Receiving Party may challenge the claim, but shall not assert waiver by production as a ground.

## G. Challenges, Compulsory Process, and Filing

23. A Receiving Party may challenge a designation at any time by written notice. Counsel shall confer in good faith within 14 days. If the dispute is not resolved, the challenging party may seek relief from the Court in accordance with Local Civil Rule 37.2 and the Court's Individual Practices. The burden of establishing that material is entitled to protection remains at all times on the designating party. Material shall be treated as designated until the Court rules.

24. If a Receiving Party is served with a subpoena or other process in another proceeding seeking Confidential Discovery Material, it shall promptly notify the Producing Party in writing and shall not produce the material before the earlier of the date of compliance or 14 days after that notice, so that the Producing Party may seek relief. Nothing in this Order requires any person to disobey a lawful order or subpoena.

25. Designation of material as Confidential under this Order does not, by itself, entitle any party to file that material under seal. Any application to file under seal or in redacted form shall be made in accordance with Section 3 of the Court's Individual Practices, the Court's standing order in 19-mc-00583, and Section 6 of the ECF Rules & Instructions, and shall address the presumption of public access to judicial documents. The parties shall use their best efforts to minimize sealing, and shall publicly file a redacted version of any document filed under seal.

26. This Order governs pretrial proceedings. It does not govern the use of Confidential Discovery Material at trial, which shall be addressed by the Court in connection with the pretrial order. The parties acknowledge that the Court is unlikely to seal material offered at trial or in support of a dispositive motion absent a particularized showing.

## H. Conclusion of the Action

27. Within 60 days after the final termination of this action, including the exhaustion of all appeals, each Receiving Party shall return to the Producing Party, or destroy, all Confidential Discovery Material and all copies, excerpts, summaries, and compilations of it, and shall certify compliance in writing upon request. Counsel may retain one archival set of pleadings, motion papers, deposition and trial transcripts and exhibits,

correspondence, and attorney work product, except that this exception does not apply to protected health information, all of which — including all copies made — shall be returned or destroyed without exception, as required by 45 C.F.R. § 164.512(e)(1)(v)(B).

28. This Order shall survive the final termination of this action.

29. The Court shall retain jurisdiction after the final termination of this action to enforce this Order as to all persons subject to or protected by it, including non-party Producing Parties.

## I. General Provisions

30. This Order does not limit any Producing Party's use of its own material, and does not constitute a waiver of any objection to the production or admissibility of any material, or of any right to seek further or different protection under Federal Rule of Civil Procedure 26(c), including an "Attorneys' Eyes Only" designation as to particular material on application to the Court.

31. This Order may be modified by written agreement of the parties and any affected Producing Party, subject to approval of the Court, or by order of the Court on application of any person subject to or protected by it.

32. The parties shall be bound by the terms of this Order upon its execution by counsel, pending its entry by the Court, and material produced before entry shall be treated as though this Order were then in effect.

Dated: New York, New York
October 8, 2026

KENNEDYS CMK LLP

By: /s/ Farrell J. Miller
Farrell J. Miller
22 Vanderbilt Avenue, 24th Floor
New York, New York 10017
farrell.miller@kennedyslaw.com

*Attorneys for Plaintiffs*

ECKERT SEAMANS CHERIN & MELLOTT, LLC

By: /s/ Nicholas A. Pasalides
Nicholas A. Pasalides
10 Bank Street, Suite 700
White Plains, New York 10606
npasalides@eckertseamans.com

*Attorneys for Defendants*

**SO ORDERED.**

Dated: October 9, 2026
New York, New York

Hon. Edgardo Ramos
United States District Judge

**Exhibit A**
**Acknowledgment and Agreement to Be Bound**

I, ________, of ________, declare under penalty of perjury that:

1. I have read the Stipulated Confidentiality and Qualified Protective Order entered in *Berkshire Hathaway Homestate Insurance Company, et al. v. Corbel Communications Industries LLC, et al.*, No. 26-cv-3154 (ER) (S.D.N.Y.), and I understand its terms.

2. I agree to be bound by that Order, and I agree not to use or disclose any Confidential Discovery Material, or any protected health information, for any purpose other than this action.

3. I agree to return or destroy all Confidential Discovery Material and protected health information in my possession at the conclusion of my involvement in this action, or upon request.

4. I submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcement of that Order, and I understand that violation of it may be punished as a contempt of court.

Dated: ____________________

______________________________
Signature

______________________________
Print name

**Exhibit B**

**Notice to Recipients of Subpoenas**

*Berkshire Hathaway Homestate Ins. Co. v. Corbel Communications Industries LLC, No. 26-cv-3154 (ER) (S.D.N.Y.)*

A Stipulated Confidentiality and Qualified Protective Order has been entered in this action. A copy accompanies this notice. It is intended to address, in advance, the confidentiality concerns a subpoena recipient may have, and it gives you the following protections:

1. You may designate what you produce as Confidential. Under Paragraph 10 of the Order, a non-party that produces material is a "Producing Party" with the same designation rights as a party. You may designate simply by stamping "CONFIDENTIAL" on the material, or by stating the designation in a cover letter or email at or before production. You need not sign the Order, appear, or move for relief.

2. Material you designate may be used only in this lawsuit. Paragraph 13 restricts use of designated material to the prosecution or defense of this action and prohibits any business, competitive, personal, or other litigation use. Disclosure is limited to the categories in Paragraph 14, and outside experts, vendors, and witnesses must sign a written acknowledgment first.

3. You can enforce the Order yourself. Paragraph 11 makes you an intended beneficiary, and the Court retains jurisdiction to enforce the Order at your request, including after this case ends.

4. HIPAA is addressed. The Order is a qualified protective order within the meaning of 45 C.F.R. § 164.512(e)(1)(v). If you are a covered entity or a business associate, you may rely on it as the "satisfactory assurance" contemplated by 45 C.F.R. § 164.512(e)(1)(ii) and (iv), and you may produce protected health information without separate patient authorization and without notifying individual patients or plan participants. The Order limits use of that information to this litigation and requires its return or destruction, including all copies, when the case ends.

5. Personal identifiers may be redacted. You are not asked to produce, and are asked to redact, Social Security numbers, dates of birth, home addresses, and personal financial account numbers of individuals. See Paragraph 20.